**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SMITH BROTHERS, INC.** | * | |
| **4702 Woodfield Road** | | |
| **Galesville, Maryland 20765** | * | |
| | | |
| **Plaintiff** | * | |
| | | |
| v. | * | **Civil Action No.** |
| | | |
| **VORTEX MARINE** | * | |
| **CONSTRUCTION, INC.** | | |
| **1 Maritime Way** | * | |
| **Antioch, California 94509** | | |
| | * | |
| SERVE: | | |
| | * | |
| InCorp Services, Inc. | | |
| 5716 Corsa Avenue, #110 | * | |
| Westlake Village, California 91362 | | |
| | * | |
| and | | |
| | * | |
| **FIDELITY AND DEPOSIT** | | |
| **COMPANY OF MARYLAND** | * | |
| **1299 Zurich Way** | | |
| **Schaumburg, Illinois 60196** | * | |
| | | |
| SERVE: | * | |
| | | |
| Maryland Insurance Admin. | * | |
| 200 St. Paul Place, Suite 2700 | | |
| Baltimore, Maryland 21202 | * | |
| | | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

Plaintiff Smith Brothers, Inc. ("Smith Brothers"), by and through its attorneys, Alexander

M. Giles, Imran O. Shaukat, and Semmes, Bowen, & Semmes, for its Complaint against Vortex

Marine Construction, Inc. ("Vortex") and Fidelity and Deposit Company of Maryland ("Fidelity"), says as follows:

## PARTIES

1. Plaintiff Smith Brothers is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 4702 Woodfield Road, Galesville, Maryland 20765. At all times relevant to this Complaint, Smith was engaged in the business of chartering/renting vessels, barges, and related equipment.

2. Defendant Vortex is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1 Maritime Way, Antioch, California 94509. At all times relevant to this Complaint, Vortex was engaged in the business of marine construction.

3. Upon information and belief, Defendant Fidelity is a corporation that is organized and existing under the laws of the State of Illinois with its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. At all times relevant to this Complaint, Fidelity was a commercial surety company that issues, among other instruments, payment and performance bonds on private and public construction projects.

## JURISDICTION AND VENUE

4. The claims against Vortex Marine Construction, Inc. are admiralty and maritime claims within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. §1333, and Rule 9(h) of the Federal Rules of Civil Procedure.

5. This Court also has jurisdiction pursuant to the provision of the Federal Miller Act, 40 U.S.C. § 3133, as the bonds upon which those counts are based was issued pursuant to

the provisions of the Federal Miller Act, 40 U.S.C. § 3131.

6. Alternatively, this Court has diversity jurisdiction over this action as Smith Brothers is a Maryland corporation and the Defendants are corporations with principal places of business in the States of California and Illinois, respectively, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

7. Furthermore, this Court also has supplemental jurisdiction over all of the other related claims properly within this Court's original jurisdiction, pursuant to 28 U.S.C. §1367.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). In addition, pursuant to the provisions of the Federal Miller Act, 40 U.S.C. § 3133, Venue is proper in this district as the construction project which is the subject of this Complaint is located in the State of Maryland.

## FACTUAL BACKGROUND

9. On February 2, 2017, Smith Brothers and Vortex entered into a Bareboat Charter Agreement to supply rental equipment to Vortex for purposes of Vortex using the equipment on, and in support of, a U.S. Army Corps of Engineers project, otherwise commonly referred to as the "Wicomico River" project.

10. The Agreement covered the provisioning of, among other things, a pushboat, a Booster Barge (comprised of 6 Shugart Barges), a Utility Barge (comprised of 3 Shugart Barges), a Ferry Barge, a Steel Workfloat, a Diamond Plate Barge, a front excavator, fourteen (14) different sized anchors, twelve 100-gallon fuel tanks, and a variety of tie down equipment. *See* Bareboat Charter Agreement, Wicomico River Ellis Bay – P.O. #16-058-002, dated February 2, 2017 (hereinafter, the "Wicomico River Agreement"), attached hereto as Exhibit 1.

11. Much of the identified equipment was towed down and delivered by Smith Brothers to Vortex on February 5, 2017.

12. The terms of the Wicomico River Agreement provided that Vortex would charter the pushboat, the barges, and the other related equipment from Smith Brothers for varying rental rates, as stated in the Wicomico River Agreement. In addition, charter hire commenced at the time the vessels left Smith Brothers' yard and ended at the time the vessels were redelivered to Smith Brothers' yard. *See* Exhibit 1.

13. The contract also provided that if charter hire payment was not made when due, Vortex agreed to pay interest on the unpaid balance at a rate of 18% per annum, or 1.5% per month. Furthermore, the contract provided that should it become necessary to refer Smith Brothers' statements out for collection that Vortex would agree to pay all costs of collection, including reasonable attorneys fees and costs. *See* Exhibit 1.

14. Later, during the Spring of 2017, Vortex informed Smith Brothers that it had also recently won a bid for a second U.S. Army Corps of Engineers project, which subsequently came to be referred to as the "Twitch Cove" project.

15. Vortex stated to Smith Brothers at that time that whenever it completed the Wicomico River project that it would merely hold onto the Smith Brothers' vessel, barges, and other related equipment and would plan to transfer them on its own over to the Twitch Cove project.

16. At no time, however, during the Spring or Summer months of 2017 did Vortex ever inform Smith Brothers that it had completed its work on the Wicomico River project, that it had started its work on the Twitch Cove project, or that it had moved the Smith Brothers equipment from the Wicomico River project over to the Twitch Cove project.

17. By August of 2017, Vortex was not responding to Smith Brothers' attempts to contact Vortex to discuss the Wicomico River project, the status of Smith Brothers' equipment, or the payment of several of Smith Brothers' pending invoices.

18. On September 5, 2017, however, Vortex did make a partial payment of some of the pending invoices. Shortly thereafter, Vortex, once again, failed to respond to Smith Brothers' attempts to discuss similar pending issues with Vortex.

19. On September 28, 2017, Smith Brothers, despite being under the impression at that time that Vortex was still working on the Wicomico River project, decided to unilaterally draft a proposed Bareboat Charter Agreement for the Twitch Cove project in the hopes of getting the Agreement signed prior to the start of that project. *See* Bareboat Charter Agreement, Twitch Cove – P.O. #16-074, dated September 28, 2017, attached hereto as Exhibit 2.

20. The Twitch Cove Bareboat Charter Agreement was sent to Kevin Dow of Vortex on October 3, 2017, and then, after no response, was re-sent to Mike Silva of Vortex on October 26, 2017.

21. Late on the evening of November 2, 2017, Mr. Silva sent an email to the attention of Sharon Phipps of Smith Brothers attaching a marked-up version of the proposed Twitch Cove Bareboat Charter Agreement that was wholly-unacceptable to Smith Brothers. *See* Vortex Marked-up Version of the proposed Bareboat Charter Agreement, attached hereto as Exhibit 3.

22. The next day, Smith Brothers informed Vortex that the proposed revisions to the Twitch Cove Bareboat Charter Agreement would NOT be accepted.

23. On November 17, 2017, undersigned counsel for Smith Brothers sent a letter to Mr. Silva identifying the unpaid amounts due and owing to Smith Brothers at that time and

5

requesting prompt payment of at least half of those unpaid amounts. *See* November 17, 2017 Letter to Mike Silva, attached hereto as Exhibit 4.

24. On November 22, 2017, Mr. Silva responded by email indicating, in part, that the "Wicomico project for the US Army Corps of Engineers is currently in dispute with the Corps of Engineers, Baltimore District…" and for Smith Brothers to "…please understand Vortex is working diligently towards resolution of this project regarding payment to Vortex by the Corps of Engineers." *See* November 22, 2017 Email from Mike Silva, attached hereto as Exhibit 5.

25. Mr. Silva also addressed the Twitch Cove (or Crisfield) project, by claiming that "Vortex and Smith Brothers agreed to disagree on the contract terms and conditions as well as some rental rates," and adding that Vortex unilaterally considered all of the Smith Brothers equipment to be off rent and ready for pickup by Smith Brothers (with the exception of two small barges), despite providing no previous formal notice to Smith Brothers indicating as much. *See* Exhibit 5.

26. Mr. Silva concluded his email by stating "[w]e look forward to the conclusion of the Wicomico Project with both the US Army Corps of Engineers and Smith Brothers. We consider resolution with the Corps of Engineers to be followed by resolution with Smith Brothers. As well we look forward to the resolution of any differences on the Crisfield project with Smith Brothers." *See* Exhibit 5.

27. Later that same afternoon, undersigned counsel responded by email requesting, once again, immediate payment to Smith Brothers of the amounts that were rightfully due and owing as of that date, providing notice, once again, of the potential repercussions if Vortex did not immediately remit payment as requested, and disagreeing with Mr. Silva's arbitrary and unilateral attempts to change the terms and conditions of the proposed Twitch Cove Bareboar

6

Charter Agreement.  *See* November 22, 2017 Email Response from Alexander Giles, attached hereto as Exhibit 6.

28.     Following continued non-payment by Vortex, on November 29 and December 6, 2017, Smith Brothers availed itself of its right to repossess the vessel, barges, and other related equipment in accordance with the provisions found in Section 25 of the Bareboat Charter Agreement.

29.     During the efforts to reclaim its vessel, barges, and other related equipment, Smith Brothers could not locate many of the anchors that were rented to Vortex pursuant to the Agreements.  After several months of continued failure by Vortex to return the anchors, Smith Brothers deemed the anchors lost and sent an invoice to Vortex for the replacement of the missing anchors.

30.     Over the course of its business relationship with Vortex, Smith Brothers sent regular monthly invoices to Vortex for the vessel, barges, and other related equipment chartered by Vortex in support of the Wicomico River and Twitch Cove projects.  Below is a listing of the invoices, and the dates and amounts paid by Vortex for each invoice:

| **Invoice Date** | **Invoice Number** | **Invoice Amount** | **Date Paid** | **Amount Paid** |
|---|---|---|---|---|
| **Wicomico River** | | | | |
| 2/7/2017 | 10970 | $7,360.00 | 3/13/2017 | $7,360.00 |
| 2/16/2017 | 10998 | $57,722.50 | 5/23/2017 | $48,003.72 |
| | | | 9/5/2017 | $9,718.78 |
| 3/7/2017 | 11034 | $37,391.50 | 9/5/2017 | $11,434.72 |
| 4/5/2017 | 11071 | $37,391.50 | - | - |
| 5/4/2017 | 11124 | $37,391.50 | - | - |
| 5/12/2017 | 11131 | $907.50 | 5/23/2017 | $907.50 |
| 6/1/2017 | 11172 | $37,391.50 | - | - |
| 6/21/2017 | 11195 | $6,286.00 | - | - |
| 7/7/2017 | 11240 | $37,391.50 | - | - |

| | | | | |
|---|---|---|---|---|
| 7/3/2017 | 11241 | $3,180.00 | - | - |
| 8/3/2017 | 11255 | $401.64 | - | - |
| 8/4/2017 | 11281 | $37,391.50 | - | - |
| 8/4/2017 | 11282 | $3,180.00 | - | - |
| 9/6/2017 | 11335 | $37,391.50 | 9/5/2017 | $37,391.50 |
| 9/6/2017 | 11336 | $3,180.00 | 9/5/2017 | $3,180.00 |
| | | | | |
| | **Subtotal** | $343,958.14 | | $117,996.22 |
| | | | | |
| **Twitch Cove** | | | | |
| | | | | |
| 10/2/2017 | 11371 | $3,000.00 | 9/5/2017 | $3,000.00 |
| 10/2/2017 | 11372 | $35,275.00 | 9/5/2017 | $35,275.00 |
| 11/1/2017 | 11431 | $3,180.00 | - | - |
| 11/1/2017 | 11432 | $37,391.50 | - | - |
| 12/21/2017 | 11499 | $2,591.70 | - | - |
| 12/21/2017 | 11500 | $16,275.00 | - | - |
| 12/21/2017 | 11501 | $7,187.52 | - | - |
| 1/2/2018 | 11533 | $2,445.00 | - | - |
| 2/2/2018 | 11574 | $2,445.00 | - | - |
| 3/2/2018 | 11649 | $40,750.00 | - | - |
| | | | | |
| | **Subtotal** | $150,540.72 | | $38,275.00 |
| | | | | |
| | **Grand Total** | $494,498.86 | | $156,271.22 |
| | | | | |
| | **Unpaid Principal** | | | **$338,227.64** |

*See* Smith Brothers Invoices and Payment Receipts, collectively attached hereto as Exhibit 7.

31. Despite numerous demands by Smith Brothers to Vortex over the past year for payment of the remaining amounts that are due and owing, Smith Brothers has never received any further payments following the partial payments made by Vortex on September 5, 2017.

32. To date, Smith Brothers has sustained damages of $395,846.56 in accordance with the terms and conditions of the contractual agreements with Vortex.

33. Following the successful repossession by Smith Brothers of most of its equipment, Smith Brothers prepared and filed Notices of Claim on December 12, 2017 against

8

payment bonds issued by Fidelity as a surety in furtherance of the Wicomico River and Twitch Cove projects.

34.     The Smith Brothers claim number pertaining to the Wicomico River project was 6380074284, and was made against Bond PRF9225570 (hereafter "Wicomico River Bond"). The Smith Brothers claim number pertaining to the Twitch Cove project was 6380076103, and was made against Bond PRF9225582 (hereafter "Twitch Cove Bond"). *See* Wicomico River and Twitch Cove Proofs of Claim, attached hereto collectively as Exhibit 8.

35.     On August 1, 2018, Paul Grego of Zurich American Insurance Company, in his role as Claims Counsel on behalf of Fidelity and Deposit Company of Maryland, sent a letter to the attention of Mr. Jeff Smith of Smith Brothers outlining the conclusions reached following the surety's investigation of the Smith Brothers claims. *See* August 1, 2018 Letter from Paul Grego, attached hereto as Exhibit 9.

36.     Mr. Grego's ultimate conclusion was that "[t]he surety finds no obligation to make payment under either the Wicomico payment bond…or the Twitch Cove payment bond….and the surety denies your claims." *See* Exhibit 9.

37.     On August 31, 2018, undersigned counsel sent a letter to Mr. Grego responding to Mr. Grego's August 1, 2018 letter and the conclusions contained therein, and requesting that Fidelity and Zurich reconsider its previous determination based on the additional information provided by Smith Brothers. *See* August 31, 2018 Letter from Alexander Giles, attached hereto as Exhibit 10.

38.     Following an exchange of emails and telephone calls, undersigned counsel and Mr. Grego finally spoke on September 26, 2018. During that conversation, undersigned counsel

was informed by Mr. Grego that Fidelity and Zurich would not be reversing its previous determination in which it denied the claims by Smith Brothers against the payment bonds.

### COUNT I - BREACH OF BAREBOAT CHARTER AGREEMENT
### (against Vortex Marine Construction, Inc.)

39. Smith Brothers incorporates herein by reference, as if fully set forth herein, paragraphs 1 through 38 of this Complaint.

40. The Bareboat Charter Agreement is a valid and enforceable contract between Smith and Vortex.

41. Vortex' failure to pay charter hire for the barges and other related equipment, despite due demand, constitutes a breach of the aforesaid Charter Agreement.

42. Smith Brothers has fulfilled all of its obligations to Vortex under the Charter Agreement.

43. The total amount owed to Smith Brothers by Vortex under the aforesaid Charter Agreement as of September 28, 2018, inclusive of prejudgment interest, service charges, costs, and attorneys' fees, is $395,846.56.

WHEREFORE, Smith Brothers, Inc. prays for a judgment against Vortex Marine Construction, Inc. in the amount of $395,846.56 as of September 28, 2018, plus continuing interest from that date, reasonable attorneys' fees and costs, postjudgment interest at the legal rate, and all other relief this Court deems just and proper.

### COUNT II - BREACH OF CONTRACT
### (against Vortex Marine Construction, Inc.)

44. Smith Brothers incorporates herein by reference, as if fully set forth herein, paragraphs 1 through 43 of this Complaint.

45. In the alternative, there was a valid and enforceable contract between Smith Brothers and Vortex for the charter of the barges and the other related equipment at the aforesaid rates as evidenced by the course of dealing of the parties.

46. Smith Brothers duly performed its obligations under the contract with Vortex. Smith Brothers provided the barges and the other related equipment to Vortex to use, and Vortex accepted the barges and the related equipment.

47. Vortex has failed to honor its obligations in accordance with the contract and owes the balance due for the charter hire/rental of the sectional barges and the other related equipment.

48. Smith Brothers has demanded from Vortex payment in full of its invoices in accordance with the contractual agreements set forth above. However, Vortex, without excuse or justification, has refused and continues to refuse to pay the balance due and owing.

49. By failing to pay to Smith Brothers the balance due and owing, Vortex has materially breached the terms of its contract with Smith Brothers.

50. By reason of the foregoing, Smith Brothers has sustained damages in the amount of $395,846.56 as of September 28, 2018. Smith Brothers is also entitled to recover continuing interest and reasonable attorneys' fees and costs, until paid.

WHEREFORE, Smith Brothers, Inc. prays for a judgment against Vortex Marine Construction, Inc. in the amount of $395,846.56 as of September 28, 2018, plus continuing interest from that date, reasonable attorneys' fees and costs, postjudgment interest at the legal rate, and all other relief this Court deems just and proper.

## COUNT III - QUANTUM MERUIT
**(against Vortex Marine Construction, Inc.)**

51.     Smith Brothers incorporates herein by reference, as if fully set forth herein, paragraphs 1 through 50 of this Complaint.

52.     The services provided to Vortex by Smith Brothers were valuable, were provided under circumstances which gave Vortex reasonable notice that Smith Brothers expected compensation for the services, and Vortex accepted, used, and enjoyed the services provided by Smith Brothers.

53.     Despite its acceptance, use, and enjoyment of Smith Brothers' services, Vortex has failed to compensate Smith Brothers reasonably for the valuable services rendered.   The reasonable value of said services in the marketplace is in excess of $338,227.64.

54.     Smith Brothers has suffered damages from Vortex's failure to pay reasonable compensation for the use of the vessel, barges, and other related equipment in an amount in excess of $338,227.64.

WHEREFORE, Smith Brothers, Inc. prays for a judgment against Vortex Marine Construction, Inc. in the amount of at least $338,227.64, plus reasonable attorneys' fees and costs, postjudgment interest at the legal rate, and all other relief this Court deems just and proper.

## COUNT IV - UNJUST ENRICHMENT
**(against Vortex Marine Construction, Inc.)**

55.     Smith Brothers incorporates herein by reference, as if fully set forth herein, paragraphs 1 through 54 of this Complaint.

56.     Smith Brothers provided valuable and beneficial services to Vortex.

57.     Vortex received and enjoyed the benefits of Smith Brothers' services.

58. Vortex has failed to pay for the full value of the services it has received from Smith Brothers.

59. The reasonable value of the services provided by Smith Brothers to Vortex for which Vortex has not paid is $338,227.64 as of September 28, 2018.

60. By virtue of the value of the services rendered for which Vortex has been unjustly enriched, there is due from Vortex to Smith Brothers the amount of $338,227.64 as of September 28, 2018.

WHEREFORE, Smith Brothers, Inc. prays for a judgment against Vortex Marine Construction, Inc. in the amount of $338,227.64, plus reasonable attorneys' fees and costs, postjudgment interest at the legal rate, and all other relief this Court deems just and proper.

### COUNT V – CLAIM AGAINST PAYMENT BOND PRF9225570
### (against Fidelity and Deposit Company of Maryland)

61. Smith Brothers incorporates herein by reference, as if fully set forth herein, paragraphs 1 through 60 of this Complaint.

62. Vortex, as principal, and Fidelity, as surety, executed and delivered Wicomico River Bond PRF9225570 to the Owner for the protection of all persons that furnished labor, equipment, and/or materials on the Wicomico River Project.

63. Pursuant to the Wicomico River Bond, Smith Brothers is a proper claimant.

64. As a result of the labor, equipment, and materials supplied by Smith Brothers to Vortex for the Wicomico River Project, Vortex became liable to pay Smith Brothers in an amount of at least $225,961.92.

65. To date, Vortex has failed and/or refused to pay the outstanding balance on the invoices associated with the labor, equipment, and materials provided by Smith Brothers, which was requested and directed by Vortex, in the sum of at least $225,961.92.

66. Under the Wicomico River Bond, Fidelity is liable to Smith Brothers for all unpaid monies due and owed to Smith Brothers on the Wicomico River Project.

67. Smith Brothers has satisfied all conditions precedent to bringing a claim on the Wicomico River Bond under the Federal Miller Act, and to recovering under the Wicomico River Bond.

WHEREFORE, Smith Brothers, Inc. prays for a judgment against Fidelity and Deposit Company of Maryland in the amount of $225,961.92 as of September 28, 2018, plus all applicable service charges, prejudgment interest, reasonable attorneys' fees and costs, postjudgment interest at the legal rate, and all other relief this Court deems just and proper.

**COUNT VI – CLAIM AGAINST PAYMENT BOND PRF9225582**
**(against Fidelity and Deposit Company of Maryland)**

68. Smith Brothers incorporates herein by reference, as if fully set forth herein, paragraphs 1 through 67 of this Complaint.

69. Vortex, as principal, and Fidelity, as surety, executed and delivered Twitch Cove Bond PRF9225582 to the Owner for the protection of all persons that furnished labor, equipment, and/or materials on the Twitch Cove Project.

70. Pursuant to the Twitch Cove Bond, Smith Brothers is a proper claimant.

71. As a result of the labor, equipment, and materials supplied by Smith Brothers to Vortex for the Twitch Cove Project, Vortex became liable to pay Smith Brothers in an amount of at least $112,265.72.

72. To date, Vortex has failed and/or refused to pay the outstanding balance on the invoices associated with the labor, equipment, and materials provided by Smith Brothers, which was requested and directed by Vortex, in the sum of at least $112,265.72.

73. Under the Twitch Cove Bond, Fidelity is liable to Smith Brothers for all unpaid monies due and owed to Smith Brothers on the Twitch Cove Project.

74. Smith Brothers has satisfied all conditions precedent to bringing a claim on the Twitch Cove Bond under the Federal Miller Act, and to recovering under the Twitch Cove Bond.

WHEREFORE, Smith Brothers, Inc. prays for a judgment against Fidelity and Deposit Company of Maryland in the amount of $112,265.72 as of September 28, 2018, plus all applicable service charges, prejudgment interest, reasonable attorneys' fees and costs, postjudgment interest at the legal rate, and all other relief this Court deems just and proper.

                        /s/
Alexander M. Giles, Esquire, Fed. Bar No. 25474
Imran O. Shaukat, Esquire, Fed. Bar No. 30134
Semmes, Bowen & Semmes
25 S. Charles Street, Suite 1400
Baltimore, Maryland  21201
(410) 576-4882
(410) 539-5223 (fax)
agiles@semmes.com
ishaukat@semmes.com

*Attorneys for Plaintiff, Smith Brothers, Inc.*